# ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

EDMUND P. POWER
JOHN F. COX III
PATRICK T. MURPHY
Trial Attorneys
U.S. Department of Justice
P.O. Box 972
Washington, D.C. 20044
Telephone: (703) 299-3905
Facsimile: (703) 842-4035
Email: edmund.p.power@usdoj.gov
       john.cox@usdoj.gov
       patrick.murphy@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 2006

at ___ o'clock and ___ min. ___ M
SUE B____ CLERK

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY A. RUTLEDGE, SR., (02)<br>a/k/a "TONY" RUTLEDGE<br><br>Defendant. | CR. No. 02-00438-DAE-BMK-02<br><br>MEMORANDUM OF PLEA AGREEMENT<br><br><br><br>Date:  February 2, 2006<br>Time:  2:00 p.m.<br>Judge: Leslie E. Kobayashi |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and defendant, ANTHONY A. RUTLEDGE, SR., a/k/a "TONY" RUTLEDGE,

and his attorney, William C. McCorriston, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the Third Superseding Indictment with the following violations: 18 U.S.C. § 371 (conspiracy to defraud the United States Government)(Count 1); 18 U.S.C. §§ 371, 1341, 1343, and 1346 (conspiracy to commit mail and wire fraud) (Count 2); 18 U.S.C. §§ 1341, 1346, and 2 (mail fraud) (Counts 3 and 4); 18 U.S.C. §§ 1343, 1346, and 2 (wire fraud) (Counts 5 and 6); 26 U.S.C. § 7206(2) (willfully aiding & assisting in filing a false income tax return)(Count 9); and 29 U.S.C. § 186 (payments of money to labor organization by employer) (Counts 11 and 12).

2.  Defendant has read the charges against him contained in the Third Superseding Indictment and those charges have been fully explained to him by his attorneys.

3.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  As set forth below, defendant will enter a voluntary plea of guilty under Federal Rule of Criminal Procedure 11(c)(1)(C) to Count 9 of the Third Superseding Indictment charging him with willfully aiding in the filing of a false tax return, to wit, the Corporation Income Tax Return Form 1120 for the tax year ending June 30, 1997 for the entity known as Star-

Beachboys, Inc.[1]  The remaining counts of the Third Superseding Indictment as to defendant will be dismissed with prejudice at the time of sentencing.  As a condition of his plea, defendant agrees to the following:

        a.  Defendant agrees to immediately retire from Unity House, Inc. and to leave any position or office he holds with or in Unity House.  Defendant further agrees that he will permanently disassociate himself from both Unity House and its assets.  As more fully set forth in Paragraph 7(c) below, defendant agrees that his compliance with these terms is a condition of his probation and survives the period of probation.  This agreement does not apply to bar defendant's involvement in the entity known as the Hawaii Pacific Cinema Foundation and its assets.

        b.  Upon acceptance of this plea, the seizure order and order appointing the receiver for Unity House will be vacated and the Unity House Officers and Board of Directors (with the exception of defendant Rutledge and Aaron A. Rutledge), as stated in Attachment A appended hereto, will be reinstated (the "Reinstated Board").  This plea is conditioned on the Reinstated Board accepting the appointment of two directors selected by United States District Court Judge David Alan Ezra from a list of five candidates agreed upon by defendant and the government.  The

---

[1] Defendant's plea is conditioned on the simultaneous pleas of Mr. Aaron Rutledge and Star-Beachboys, Inc.

two new directors plus the Reinstated Board will make the "Reconstituted Board." The list of candidates is appended hereto as Attachment B.

        c. The government will not object if the Reconstituted Board decides to provide defendant with: (1) indemnification for legal fees or damage awards arising out of any involvement he had or may have had with Unity House including the pending criminal case and civil case numbers CV 05-00197-DAE and CV 95-4596; (2) separation or severance pay that the Board may deem appropriate; (3) payment of vacation time earned from Unity House; and (4) any pension and health and welfare benefits. In addition, the government will not object to defendant continuing as a beneficiary of Unity House, including his participation in Unity House social events and programs and receiving incidental benefits associated with those social events and programs.

        d. The government (including but not limited to the U.S. Attorney's Office for the District of Hawaii and the U.S. Department of Justice) acknowledges its continuing obligation under law to protect criminal investigative information collected in this case from discovery in civil proceedings.

        e. Absent defendant's breach of this plea agreement, the United States Attorney's Offices for the District

of Hawaii and New Jersey, and the United States Department of Justice Tax Division and Criminal Division, agree to seek no further criminal charges against defendant based upon information revealed pursuant to Grand Jury Investigations Nos. 97-II-8, 99-II-2, and 03-I-135; provided, however, that this agreement does not apply if the United States Attorney's Office for the Districts of Hawaii or New Jersey or United States Department of Justice receives information or evidence not known to them as of the signing of this plea agreement.

   f. This plea agreement does not bind the actions of any other component of the Department of Justice or any other United States Attorney's Office not articulated in paragraph e above. At the time of this agreement, the United States is unaware of any other U.S. Attorney's Office independently investigating defendant's known conduct.

   5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

   6. Defendant enters this plea because he is in fact guilty of willfully aiding in the filing of a materially false income tax return as charged in Count 9 of the Indictment and agrees that this plea is voluntary and not the result of force or threats.

7.   Under Rule 11(c)(1)(C), defendant understands that the penalties for the offense to which he is pleading guilty include:

a.   Count 9 (26 U.S.C. § 7206(2)): up to three (3) years imprisonment and a fine of not more than $250,000, plus a term of supervised release of not more than one year.

b.   In addition, the Court must impose a $100 special assessment as to each count to which defendant is pleading guilty.  Defendant agrees to pay $100 for the count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

c.   Defendant and the government agree that the United States Sentencing Guidelines existing in 1997 govern the calculation of defendant's sentence.  Further, defendant and the government agree that the tax loss in the case is more than $23,500 but less than $40,000, with an offense level of 12, and that the defendant qualifies for acceptance of responsibility of 2 points, resulting in a total offense level of 10, a U.S. Sentencing Guideline within "Zone B," and a sentence of probation and no fine.  Defendant agrees to be sentenced to three years of

probation from the time of sentencing. The terms of probation will be those set forth in the conditions of probation and supervised release for the District of Hawaii and those set forth in paragraph 4(a) of this agreement. The government agrees that this conviction does not bar him from holding any union office or labor relations position as that concept is articulated in 29 U.S.C. § 504 et. seq.

    8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which defendant is pleading guilty:

    a. On or about July 22, 1997, in the District of Hawaii, defendant did willfully aid and assist in the preparation and presentation to the Internal Revenue Service of a Form 1120 United States Corporation Income Tax Return for the entity known as Star-Beachboys, Inc., for the tax year ending June 30, 1997, which was false as to a material matter, in that Line 1A reported gross receipts totaling $85,305, whereas defendant then and there well knew and believed that said income tax return materially understated gross receipts.

    b. Defendant ANTHONY A. RUTLEDGE, his son Aaron A. Rutledge, and his father, the late Arthur A. Rutledge, operated Star-Beachboys, Inc., a Waikiki Beach concession stand. The late Mr. Rutledge was a labor leader in Hawaii and exerted influence and direction over the operations of Star-Beachboys until his health declined preceding his death in September, 1997.

Defendant was an officer and director of Star-Beachboys and its sole-stockholder. Mr. Aaron Rutledge ran Star-Beachboys' daily operations at Waikiki Beach.

   c. Star-Beachboys rented surfboards, boogie boards, and beach equipment to tourists and local residents. The business dealt exclusively in cash and the gross receipts were ultimately given to the Rutledges. The Rutledges deposited a portion of Star-Beachboys' gross receipts into the Star-Beachboys checking account but also placed a portion of the cash gross receipts into safe deposit boxes to which only they had access.

   d. The accountants for Star-Beachboys prepared the books and records and tax returns based upon information provided by defendant. Defendant did not disclose the total cash receipts that were placed in the safe deposit boxes to the tax return preparers. Defendant knew that the information relied upon by the return preparer in completing the June 30, 1997 tax return understated the true gross receipts for Star-Beachboys.

   e. The Star-Beachboys corporate tax returns, Forms 1120, failed to report a portion of the cash placed in the safe deposit boxes. Consequently, the corporate tax returns filed for the tax year ending June 30, 1993 through the tax year ending June 30, 1997 were false. The June 30, 1997 corporate tax return reported only $85,305 in gross receipts whereas the actual gross receipts were $127,185. The 1997 tax loss was $9,644 and the

total tax loss to the United States of America from the false Star-Beachboys' tax returns from 1993 to 1997 was $30,475.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties agree to the factual stipulations contained in paragraph 8 for the purpose of the sentencing of defendant in connection with this matter.

11. The parties agree that this plea is entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If accepted by the Court, the sentence will be as described. Pursuant to Rule 11(d), defendant may withdraw the plea of guilty before the Court imposes sentence, if the Court rejects the plea agreement pursuant to Rule 11(c)(5).

12. Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal any sentence imposed within the terms of this agreement in exchange for the concessions made by the prosecution in this plea agreement. Defendant also waives his right to challenge his

sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge based on a claim of ineffective assistance of counsel.

13. Defendant understands that this agreement may or may not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. Defendant understands that the Court will not accept an agreement unless the Court determines that the charge to which defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

14. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

> b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.
>
> c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of defendant's guilt beyond a reasonable doubt.
>
> d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.
>
> e.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify,

and no inference of guilt could be drawn from his refusal to testify.

15. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

16. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty.

17. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, _February 2_, 2006.

AGREED:

_____
ANTHONY A. RUTLEDGE
Defendant

_____
EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
EDMUND P. POWER
JOHN F. COX III
PATRICK T. MURPHY
United States Dept. of Justice

_____
WILLIAM C. MCCORRISTON, Esq.
Attorney for Defendant

**Attachment A to Memorandum of Plea Agreement**
**United States v. Rutledge, et. al., CR. No. 02-00438-DAE-BMK**

Members of Reinstated Board of Directors for Unity House, Inc.

1. Mel Kahele

2. Sonny Dudoit

3. Athony Rutledge, Jr.

4. Arlene Ilae

5. Michael J. Green

6. Randy Harakal

7. Randy Borges

8. Berna Iosua

9. Norberto Castillo

**Attachment B to Memorandum of Plea Agreement**
**United States v. Rutledge, et. al., CR. No. 02-00438-DAE-BMK**

<u>Candidates for Unity House Inc. Board of Directors</u>

1. Andy Anderson

2. James M. Boersema

3. Frank Fasi

4. Robert Fishman

5. Charles Labella