# MINUTES

FILED IN THE<br>
UNITED STATES DISTRICT COURT<br>
DISTRICT OF HAWAII<br>
<br>
2/6/2006  4:30 pm<br>
<br>
SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CR 02-00438DAE |
| CASE NAME: | USA v. (02) Anthony A. Rutledge, Sr. aka "Tony" Rutledge |
| ATTYS FOR PLA: | Edmund P. Power<br>John F. Cox, III |
| ATTYS FOR DEFT: | (02) Jeffrey M. Rawitz<br>William C. McCorriston<br>Paul B.K. Wong |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | David Alan Ezra | REPORTER: | Debra Chun |
| DATE: | 2/6/2006 | TIME: | 10:30am-11:45am |

COURT ACTION:  EP: Sentencing to Count 9 of the 3rd Superseding Indictment as to Defendant (02) Anthony A. Rutledge, Sr. aka "Tony" Rutledge.

Defendant (02) Anthony A. Rutledge, Sr. aka "Tony" Rutledge present, not in custody.

Presentence Report adopted.  Sentencing recommendations heard.  No Allocution by Defendant.

SENTENCE:

Probation: 3 YEARS

CONDITIONS:

1. That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition).

4. That the defendant shall cooperate in the collection of DNA as directed by the probation officer (mandatory condition).

5. That the defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision. **Since the defendant does not have a recent history of substance abuse and the offense is not drug related, it is recommended that the Court waive the mandatory drug test condition.**

6. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

7. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

8. That the defendant cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

9. That the defendant shall provide to the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer.

10. The defendant shall truthfully and timely file and pay taxes owed and shall truthfully and timely file and pay taxes during the period of probation. Further, the defendants shall show proof to the Probation Officer of compliance of this order.

11. The defendant shall notify the Probation Officer of any contemplated employment and shall obtain approval from the Probation Officer for all employment. Unless the defendant is self employed, he may not be employed in any capacity wherein he has custody, control, or management of his employer's funds.

12. The defendant shall provide the Probation Officer with access to any and all business records, client lists and other records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

13. The defendant shall immediately retire from Unity House, Inc., and leave any position or office he holds with or in Unity House. Defendant shall further disassociate himself from both Unity House and its assets. This provision is a condition of probation and survives the period of probation.

14. The seizure order and order appointing the Receiver for Unity House shall continue in place for a period up to four months to allow the receiver to conclude the Unity House, Inc. business matters specified below. This four month period may be extended by the Court upon a showing of good cause for additional thirty day periods.

    a. <u>Assoc. of Apt Owners of Hanohano Hale & Assoc. of Apt. Owners of Pat's at Punaluu v. Unity House, et al.</u>, Civil No. 99-1122-03 (BIA), Fist Circuit Court, State of Hawaii

    b. <u>Douglas Himmelfarb v. Unity House, Inc., et al.</u>, Civil No. 05-1-1386-07 (VSM), First Circuit Court, State of Hawaii

    c. Current Negotiations with the Radisson Kauai Development (Brian & Joan Anderson).

    d. <u>Unity House, Inc. v. Tam</u>, Civil No. 05-1-2218-12, (BIA) First Circuit Court, State of Hawaii

    e. <u>Unity House, Inc. v. Heavenly Road Productions, Inc. et al.</u>, Civil No. 98-0-5043, First Circuit Court, State of Hawaii

    f. <u>Unity House, Inc. v. Chabad Lubavitch of Hawaii, Inc., et al.</u>, Civil No. 05-1-1399-08, (RKOL), First Circuit Court, State of Hawaii

    g. <u>Ilae, et al. v. EG&G Technical Services, Inc., et al.</u>, No. CV05-00794 (DAE)(LEK) United States District Court for the District of Hawaii.

Special Assessment: $100.00.

Defendant advised of his right to appeal.

Government's Oral Motion to Dismiss All Remaining Counts as to this Defendant Only - GRANTED.

Submitted by: Theresa Lam, Courtroom Manager