## RELEASE AGREEMENT

This Release Agreement ("Agreement") is made this _____ day of January 2006, by and among Hanohano Enterprises, Incorporated ("HEI"), and The Hanohano Family, Inc. ("HFI"); Sarai Ann Kalai Hanohano Vahey ("Vahey"); Unity House, Incorporated ("Unity House"); The Association of Apartment Owners of Pat's at Punaluu, Inc. ("Pat's "); and the Association of Apartment Owners of Hanohano Hale ("Hanohano Hale") (Pat's and Hanohano Hale are sometimes collectively referred to as "Associations").  (The parties hereto are sometimes individually referred to as "Party" and collectively as "Parties".)

WHEREAS, HEI, HFI, Vahey, Pat's and Hanohano Hale have entered into a Settlement Agreement (hereinafter, "HEI/Associations Settlement Agreement") effective as of November 22, 2005;

WHEREAS, Unity House, Pat's and Hanohano Hale have entered into a Settlement Agreement (hereinafter, "Unity House/Associations Settlement Agreement") dated January __, 2006 (hereinafter, the HEI/Associations Settlement Agreement and the Unity House/Associations Settlement Agreement are sometimes referred to as "Settlement Agreements"; and the terms "Subject Properties", "Makai Properties", "Association Lawsuit", "Foreclosure Lawsuit " and "Consolidated Lawsuits" as used herein are as defined in the Settlement Agreements);

WHEREAS, HEI, HFI, Vahey, Pat's and Hanohano Hale, in connection with the Settlement Agreements, have agreed to release certain claims, as provided for herein;

Release Agreement Unity House 2.doc

## EXHIBIT B

THEREFORE, the Parties hereto agree as follows:

1.    **Releases:** Effective upon the closing of the redemption of the Subject Properties and the conveyance of the Makai Properties to Pat's and Hanohano Hale, all as contemplated by the Settlement Agreements , Pat's and Hanohano Hale (but not as between them), on the one hand, and HEI, HFI and Vahey (but not as between or among them), on the other, for themselves, and, as applicable, their respective directors, officers, stockholders, agents, representatives, parent companies, subsidiaries, affiliates, assigns, successors, heirs, trustees, receivers and all claiming by or through them, past and present, hereby fully release and discharge the other, their respective directors, officers, stockholders, agents, representatives, parent companies, subsidiaries, affiliates, assigns, successors, heirs, trustees, receivers and all claiming by or through them, past and present, with respect to and from any and all claims, actions, causes of action, and suits at law or in equity, whether known or unknown, or suspected or unsuspected, which each Party now owns or holds, or at any time heretofore owned or held, which are based upon, arise out of, and/or relate in any way to the Makai Properties, the conveyances of the Makai Properties, any and all notes and mortgages that may be construed to be connected with the Makai Properties, the leases on the Makai Properties, and the claims that were raised, or could have been raised, in the Consolidated Lawsuits.

Effective upon the entry of the order by the United States District Court approving the Unity House/Associations Settlement Agreement, as described in paragraph 7 therein, HEI, HFI, Vahey, Pat's and Hanohano Hale all hereby release,

remise, and forever discharge Unity House, its Receiver EG&G Technical Services, Anthony Pounders, their administrators, representatives, corporate representatives, divisions, successors, successors in trust, successor trustees, trustees, trustees in bankruptcy, guardians, attorneys or legal representatives, and assigns, and their respective stockholders, officers, directors, agents, reinsurers, representatives, employees, divisions, subsidiaries and parent companies,  and all persons, entities or parties claiming by, through or under Unity House from and on account of any and all claims, cross-claims, counterclaims, third-party claims, actions, causes of action, claims for relief, liability, liabilities, costs, expenses, compensations, fees, penalties, sanctions, demands, injuries, losses, profits, lost profits, statutory damages, exemplary damages, punitive damages, equitable remedies and damages of whatever name or nature, whether at law or in equity, known or unknown, asserted or unasserted, from the beginning of the world to the date of closing through escrow, which arise out of, grow out of, are connected with or in any manner involve, concern, or relate to the following:

(1)     The Association Lawsuit;

(2)      The Foreclosure Lawsuit;

(3)     The Subject Properties; and

(4)     Any and all factual allegations, causes of action, claims for relief, and claims contained, alleged or which could have been contained or alleged in the Association Lawsuit and/or the Foreclosure Lawsuit or which relate or in any manner involve any act, omission, duty, obligation, agreement, representation or any thing whatsoever with regard to the allegations, claims, causes of action, and claims for relief of HEI, HFI, Vahey, Pat's and Hanohano Hale in the Association Lawsuit and/or

the Foreclosure Lawsuit, including without limitation all transactions between Unity House, HEI, HFI and Vahey described or referenced herein.

In addition, effective upon the entry of the order by the United States District Court approving the Unity House/Associations Settlement Agreement, as described in paragraph 7 therein, HEI, HFI, Vahey, Pat's and Hanohano Hale hereby waive their respective rights to appeal from any and all orders and judgments entered in the Foreclosure Lawsuit.

Notwithstanding anything contained in this Agreement to the contrary, nothing in this Agreement shall be construed to waive, release, or otherwise limit the rights and obligations of the Parties created under the Settlement Agreements.

2.    **Preserved claims by and among HEI, HFI and Vahey, and by and between Pat's and Hanohano Hale and indemnification:** Notwithstanding anything contained in this Release Agreement to the contrary, HEI, HFI, and Vahey, solely as among themselves, do not intend to, and do not, waive any claims that each may have against the others of this group, all such claims being preserved; and Pat's and Hanohano Hale, solely as between themselves, do not intend to, and do not, waive any claims that each may have against the other, all such claims being preserved.

a.    In the event that HEI, HFI or Vahey brings a claim against any of the others of this group pursuant to this paragraph 2, whether by original claim, cross-claim or counterclaim (such party is hereinafter referred to as "Claimant" for purposes of this subparagraph only), then HEI, HFI, and Vahey hereby acknowledge and agree that any claims for contribution and/or indemnification against Unity House, Pat's and Hanohano Hale with respect to such preserved claims are released, pursuant

to paragraph 1, above, and Claimant agrees to indemnify and defend Unity House, Pat's and Hanohano Hale from and with respect to any claims that may be brought against them by third parties as a result of Claimant bringing its preserved claims.

        b.     In the event that Pat's or Hanohano Hale brings a claim against the other pursuant to this paragraph 2, whether by original claim, cross-claim or counterclaim (such party is hereinafter referred to as "Claimant" for purposes of this subparagraph only), then Pat's and Hanohano Hale hereby acknowledge and agree that any claims for contribution and/or indemnification against Unity House, HEI, HFI, and Vahey with respect to such preserved claims are released, pursuant to paragraph 1, above, and Claimant agrees to indemnify and defend Unity House, HEI, HFI, and Vahey from and with respect to any claims that may be brought against them by third parties as a result of Claimant bringing its preserved claims.

        3.     **Indemnity:** HEI, HFI, Vahey, Pat's and Hanohano Hale each individually hereby warrants and represents that it/she is the owner of all claims, demands and causes of action released by it/her herein and that it/she has not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, or by operation of law, any claims, demands or causes of action herein released, or any portion thereof and it/she hereby agrees to defend, indemnify, and forever hold harmless Unity House, its Receiver EG&G Technical Services, Anthony Pounders, their administrators, representatives, corporate representatives, divisions, successors, successors in trust, successor trustees, trustees, trustees in bankruptcy, guardians, attorneys or legal representatives, and assigns, and their respective stockholders, officers, directors, agents, reinsurers, representatives, employees, divisions,

subsidiaries and parent companies, and all persons, entities or parties claiming by, through or under Unity House against any and all loss or liability, judgment and defense costs and expenses resulting from any and all claims, demands or causes of action of every nature and kind whatsoever, based upon, connected with, or arising out of its/her breach of any of the warranties or representations or agreements herein.

HEI, HFI, Vahey, Pat's and Hanohano Hale each hereby stipulates and agrees, for the foregoing consideration, to defend, indemnify, and forever hold harmless Unity House, its Receiver EG&G Technical Services, Anthony Pounders, their administrators, representatives, corporate representatives, divisions, successors, successors in trust, successor trustees, trustees, trustees in bankruptcy, guardians, attorneys or legal representatives, and assigns, and their respective stockholders, officers, directors, agents, reinsurers, representatives, employees, divisions, subsidiaries and parent companies, and all persons, entities or parties claiming by, through or under Unity House against loss or liability, judgment, and defense costs and expenses resulting from any and all claims, demands, causes of action, complaints, cross-claims, and third party claims or complaints that may be hereafter at any time made or brought against them by it/her, or by anyone acting on behalf of it/her, or holding by or through it/her based on the claims which are released in this Agreement by it/her.

Notwithstanding anything contained in this paragraph to the contrary, nothing contained in this Agreement shall be construed to require HEI, HFI, Vahey, Pat's and/or Hanohano Hale to indemnify Unity House for the actions of any Party other than itself.

Unity House hereby agrees to defend, indemnify, and forever hold harmless HEI, HFI, Vahey, Pat's and Hanohano Hale, their administrators, representatives, corporate representatives, divisions, successors, successors in trust, successor trustees, trustees, trustees in bankruptcy, guardians, attorneys or legal representatives, and assigns, and their respective stockholders, officers, directors, agents, reinsurers, representatives, employees, divisions, subsidiaries and parent companies, and all persons, entities or parties claiming by, through or under them against any and all loss or liability, judgment and defense costs and expenses resulting from any and all claims, demands or causes of action of every nature and kind whatsoever, based upon, connected with, or arising out of the breach of any of the warranties or representations or agreements made by Unity House in this Agreement and the Settlement Agreements.

4.    **No assignment:** The Parties represent and warrant that they have not entered into any agreements giving any third party rights to the Subject Properties or assigned any claims, interests, or the like which would prevent or otherwise hinder them from entering into this Agreement and consummating the transactions contemplated herein. The Parties further agree that they will not assign or transfer any interest in this Agreement or in the Subject Properties, in whole or in part, or by operation of law, to any other person or entity without the prior written consent of the remaining Parties.

5.    **Organization and authority:** The Parties represent and warrant to each other that they are duly organized, validly existing and in good standing under the

laws of the State of Hawaii, and that they have all requisite power and authority to enter into this Agreement and to consummate the transactions contemplated hereunder.

6.     **No liens, encumbrances or other agreements.**  The Parties shall not place any further liens or encumbrances on the Subject Properties or enter into any agreements affecting the Subject Properties, except as may be contemplated by this Agreement, without the prior written consent of the remaining Parties.

7.     **Entire Agreement:**  Except as provided for in the Settlement Agreements, this Agreement contains the entire agreement among the Parties with respect to the matters set forth herein.  It is binding upon and shall inure to the benefit of the successors and assigns of each of them.  This Agreement can only be modified by a writing signed by all of the Parties.

8.     **No party deemed drafter:**  The terms of this Agreement have been negotiated at arm's length by and between the Parties, through experienced counsel, and no Party shall be deemed to be the drafter of this Agreement.  The Parties agree that in the event that this Agreement is ever construed by an arbitrator or a court of law, such arbitrator or court shall not construe this Agreement or any provision of this Agreement against any Party as the drafter of this Agreement.

9.     **Headings:**  The headings of the paragraphs of the Agreement are inserted for convenience only and do not affect the meaning of this Agreement.

10.     **Counterparts:**  This Agreement may be executed in one or more counterparts, each of which, when so executed, shall be deemed to be an original. Such counterparts together shall constitute one and the same instrument.  For all purposes, including without limitation recordation, filing and delivery of this instrument,

duplicate, unexecuted, and unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as one document.

11.   **Facsimile signatures:**  The signature page bearing the signature of a Party or a duly authorized representative that is transmitted by facsimile shall be satisfactory to bind such Party to this Agreement.  Any Party that transmits a signature page by facsimile shall deliver to the other Parties the original signature page within seven days following execution thereof, although the failure to make such delivery shall not affect the obligations of such signatory.

12.   **Settlement to be placed on the record:**  The Parties agree to cooperate in putting this settlement on the record in the Consolidated Lawsuits.

13.   **Compromise and Settlement**: It is specifically understood and agreed among the Parties that the within settlement is strictly a compromise of disputed claims and are not, and are in no way to be considered or construed as, an admission of any liability or responsibility whatsoever on the part of any Party.

14.   **Other costs:**  The Parties shall each bear all of their own attorney fees and costs that have been incurred, including due diligence costs, attorneys' fees and other related costs, except as set forth in the Settlement Agreements.

15.   **Stipulation for dismissal with prejudice:**  The Parties agree to take all steps necessary to dismiss the Consolidated Lawsuits with prejudice as set forth in the Unity House/Associations Settlement Agreement.

IN WITNESS WHEREOF the undersigned parties have executed this

Release Agreement effective as of the date first appearing herein.


UNITY HOUSE, INCORPORATED


_____

By_____
Its
Dated:


HANOHANO ENTERPRISES,                    THE HANOHANO FAMILY, INC.
INCORPORATED


By_____        By _____
Its                                       Its
Dated:                                    Dated:

SARAI ANN KALAI HANOHANO VAHEY


_____

Dated:


THE ASSOCIATION OF APARTMENT              ASSOCIATION OF APARTMENT
OWNERS OF PAT'S AT PUNALUU                OWNERS OF HANOHANO HALE


By _____         By_____
Its                                       Its
Dated:                                    Dated:

**APPROVED AS TO FORM:**

_____
Howard Glickstein
Attorney for Unity House, Incorporated
Dated:

_____
John D. Marshall
Attorney for Association of Apartment
Owners of Pat's at Punalu'u
Dated:

_____
Jonathan S. Durrett
Attorney for Hanohano Enterprises, Inc.
and The Hanohano Family, Inc.
Dated:

_____
William H. Gilardy, Jr.
Attorney for
Sarai Ann Kalai Hanohano Vahey
Dated:

_____
Corey Y.S. Park
Attorney for Association of Apartment Owners
of Hanohano Hale
Dated: