ORIGINAL

AO 245B (Rev. 12/03)  Sheet 1 - Judgment in a Criminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 6 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

CC:  USA
FIN  USM
     PTS
     USPO

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**ANTHONY A. RUTLEDGE, SR., aka "TONY" RUTLEDGE**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:  <u>1:02CR00438-002</u>
USM Number:  **82836-022**
WILLIAM C. MCCORRISTON, ESQ.
PAUL B.K. WONG, ESQ.
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to count(s): <u>9 of the 3RD Superseding Indictment</u> .
[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7206(2) | Aiding and assisting in filing a false corporate income tax return | 7/22/1997 | 9 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]    <u>All remaining counts of the 3rd Superseding Indictment</u> (are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FEBRUARY 6, 2006
Date of Imposition of Judgment

Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

MAR 0 6 2006

Date

AO 245B (Rev. 12/03)   Sheet 4 - Probation

| CASE NUMBER: | 1:02CR00438-002 | Judgment - Page 2 of 6 |
|---|---|---|
| DEFENDANT: | ANTHONY A. RUTLEDGE, SR., aka "TONY" RUTLEDGE | |

# PROBATION

The defendant is hereby placed on probation for a term of <u>3 YEARS</u>

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court. But not more than 8 valid test per month during the term of probation.

[✔]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

       If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall no purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)  Sheet 4 - Probation

| CASE NUMBER: | 1:02CR00438-002 | Judgment - Page 3 of 6 |
|---|---|---|
| DEFENDANT: | ANTHONY A. RUTLEDGE, SR., aka "TONY" RUTLEDGE | |

## SPECIAL CONDITIONS OF SUPERVISION

1) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2) That the defendant cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

3) That the defendant shall provide to the Probation Office a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer.

4) The defendant shall truthfully and timely file and pay taxes owed and shall truthfully and timely file and pay taxes during the period of probation. Further, the defendants shall show proof to the Probation Officer of compliance of this order.

5) The defendant shall notify the Probation Officer of any contemplated employment and shall obtain approval from the Probation Officer for all employment. Unless the defendant is self employed, he may not be employed in any capacity wherein he has custody, control, or management of his employer's funds.

6) The defendant shall provide the Probation Officer with access to any and all business records, client lists and other records, client lists and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

7) The defendant shall immediately retire from Unity House, Inc., and leave any position or office he holds with or in Unity House. Defendant shall further disassociate himself from both Unity House and its assets. This provision is a condition of probation and survives the period of probation.

8) The seizure order and order appointing the Receiver for Unity House shall continue in place for a period up to four months to allow the receiver to conclude the Unity House, Inc. business matters specified below. This four month period may be extended by the Court upon a showing of good cause for additional thirty day periods.

    a. Assoc. of Apt Owners of Hanohano Hale & Assoc. of Apt. Owners of Pat's at Punaluu v. Unity House, et al., Civil No. 99-1122-03 (BIA), First Circuit Court, State of Hawaii

    b. Douglas Himmelfarb v. Unity House, Inc., et al., Civil No. 05-1-1386-07 (VSM), First Circuit Court, State of Hawaii

| | |
|---|---|
| CASE NUMBER: | 1:02CR00438-002 |
| DEFENDANT: | ANTHONY A. RUTLEDGE, SR., aka "TONY" RUTLEDGE |

c. Current Negotiations with the Radisson Kauai Development (Brian & Joan Anderson).

d. <u>Unity House, Inc. v. Tam</u>, Civil No. 05-1-2218-12, (BIA) First Circuit Court, State of Hawaii

e. <u>Unity House, Inc. v. Heavenly Road Productions, Inc. et al.</u>, Civil No. 98-0-5043, First Circuit Court, State of Hawaii

f. <u>Unity House, Inc. v. Chabad Lubavitch of Hawaii, Inc., et al.</u>, Civil No. 05-1-1399-08, (RKOL), First Circuit Court, State of Hawaii

g. <u>Ilae, et al. v. EG&G Technical Services, Inc., et al.</u>, No. CV05-00794 (DAE)(LEK) United States District Court for the District of Hawaii.

AO 245 S (Rev. 12/03)  Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:02CR00438-002                                                      Judgment - Page 5 of 6
DEFENDANT:        ANTHONY A. RUTLEDGE, SR., aka "TONY" RUTLEDGE

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]   The determination of restitution is deferred until            . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

**TOTALS**                              $ _                              $ _

[ ]   Restitution amount ordered pursuant to plea agreement   $ _

[ ]   The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   the interest requirement is waived for the        [ ] fine        [ ] restitution

    [ ]   the interest requirement for the    [ ] fine        [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03)  Sheet 5, Part B - Criminal Monetary Penalties

| CASE NUMBER: | 1:02CR00438-002 | Judgment - Page 6 of 6 |
|---|---|---|
| DEFENDANT: | ANTHONY A. RUTLEDGE, SR., aka "TONY" RUTLEDGE | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   [ ]   Lump sum payment of $ _ due immediately, balance due
           [ ]       not later than _ , or
           [ ]       in accordance      [ ] C,     [ ] D,     [ ] E, or  [ ] F below, or

**B**   [✔]   Payment to begin immediately (may be combined with      [ ] C,      [ ] D, or  [ ] F below); or

**C**   [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of  _ (e.g., months or  years), to
commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

**D**   [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of  _ (e.g., months or  years), to
commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

**E**   [ ]   Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment.
The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   [ ]   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.


[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.