KIDANI LAW CENTER
Attorneys at Law
A Law Corporation

GRANT K. KIDANI        2152-0
ALAN L. WONG           7051-0
300 Kidani Law Center
233 Merchant Street
Honolulu, Hawaii 96813
Telephone: (808) 521-0933

Attorneys for Defendants
RUDY L.K. TAM and INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) ) ) | CIVIL NO. 05-1-2218-12 BIA (Other Non-Vehicle Tort) |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) ) ) | DEFENDANTS RUDY L.K. TAM AND INVESTMENT GROUP, LLC'S MOTION FOR FEES AND COSTS BASED UPON VIOLATIONS OF RULE 11 OF THE |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | ) ) ) ) ) ) ) ) ) ) | HAWAII RULES OF CIVIL PROCEDURES BY PLAINTIFF UNITY HOUSE, EG&G TECHNICAL SERVICES, INC., AND STEVEN M. EGESDAL, ESQ; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF RUDY L.K. TAM; AFFIDAVIT OF GRANT K. KIDANI; EXHIBITS "A"-"G"; NOTICE OF HEARING |
| Defendants. | ) ) | MOTION AND CERTIFICATE OF SERVICE |
| | ) ) ) ) ) ) | Date: _____ Time: _____ Judge Bert I. Ayabe |

EXHIBIT 

DEFENDANTS RUDY L.K. TAM AND INVESTMENT
GROUP, LLC'S MOTION FOR FEES AND COSTS
BASED UPON VIOLATIONS OF RULE 11 OF THE HAWAII RULES
OF CIVIL PROCEDURES BY PLAINTIFF UNITY HOUSE,
<u>EG&G TECHNICAL SERVICES, INC., AND STEVEN M. EGESDAL, ESQ</u>

COME NOW Defendants RUDY L.K. TAM and INVESTMENT GROUP, LLC

(hereinafter individually referred to as "Mr. Tam" and "Investment Group" respectively and

collectively referred to as "Defendants"), by and through their attorneys the KIDANI LAW

CENTER, and hereby moves this Honorable Court for an order finding Plaintiff Unity House,

EG&G Technical Services, Inc as Receiver of Unity House, and Steven M. Egesdal, Esq. filed

papers with the court in violation of HRCP Rule 11 and granting Defendant's Rule 11 Motion for

Sanctions against Plaintiff Unity House for their violations of these rules of conduct.

This motion is brought pursuant to Rule 7 of the <u>Rules of the Circuit Court of the</u>

<u>State of Hawaii</u> and Rules 7 and 11 of the <u>Hawaii Rules of Civil Procedure</u>; Memorandum in

Support of Motion, Declaration of Rudy Tam, Affidavit of Grant K. Kidani and the records and

files herein.

DATED:     Honolulu, Hawaii, _____ JUN 2 2 2006 _____.

_____
GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership | ) | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT OF<br>MOTION |
| | ) | |
| RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.      **INTRODUCTION**

        We want to emphasize that procedurally, an offending party must first be given 21

days to withdraw the offensive filed pleadings before a Rule 11 Motion can be filed.  We stress

this because Defendants have done everything in their power to persuade Unity House, its

Receiver and their counsel to withdraw its First Amended Complaint which is without merit.

Defendants' filing of their Rule 11 Motion is their last attempt to prevent more expensive

litigation on claims which Plaintiff Unity House ("Plaintiff" or "Unity House") previously

settled.  It is noteworthy that if the Court should read this Rule 11 Motion, it means the Unity

House, the Receiver, and Steven M. Egesdal, Esq. have chosen to disregard all of the evidence

and prior court settlement contained herein and refused to voluntarily withdraw Plaintiff's First

Amended Complaint under penalty of sanctions.

We also remind the Court of the hearing on June 14, 2006 for Defendants' Motions to Dismiss, Determine the Real Party in Interest, and Expunge Lis Pendens. The Motions were continued to July 20, 2006 because of the Court's concern as to why this matter was even being prosecuted since there was a settlement agreement as to the claimed issues in the First Amended Complaint. The continuance was to give Plaintiff an opportunity to fully examine, in view of all of the representations made, if the case should even go forward. Because (1) the July 20, 2006 hearing can only go forward if Plaintiff does not withdraw its First Amended Complaint and (2) this Rule 11 Motion can only be filed 21 days after service: this Rule 11 Motion is the opportunity for the Court to have a full hearing on how Plaintiff, the Receiver, and Steven M. Egesdal, Esq. can have any basis for this litigation. If they cannot provide a reasonable basis, they should be sanctioned under Rule 11.

**II.      PLAINTIFF'S FILED AND OFFENDING PAPERS SHOULD BE WITHDRAWN OR DENIED PURSUANT TO HRCP RULE 11 BECAUSE ITS LEGAL CONTENTIONS ARE NOT WARRANTED BY LAW OR NONFRIVOLOUS ARGUMENT FOR EXTENSION, MODIFICATION OR REVERSAL OF EXISTING LAW**

Plaintiff's filing of the First Amended Complaint constitutes a violation of the HRCP Rule 11 standard. Hence, Defendants request that Unity House withdraw these offending papers immediately and sanctions be awarded by the Court if they are not.

HRCP Rule 11 requires that at least one attorney, or the party if he/she is not represented by an attorney, sign all pleadings, petitions, notice of motions and other similar papers. HRCP Rule 11(a). The signature indicates that the attorney, or party, certifies that: the paper is not being presented for an improper purpose; the legal contentions are warranted by law or nonfrivolous argument for extension, modification or reversal of existing law; the allegations and factual contentions have evidentiary support or are likely to have such support after a

reasonable opportunity to further investigate; and the denials of factual contentions are warranted by the evidence. HRCP Rule 11(b). If the court determines, after notice or a reasonable opportunity to respond, that the attorney or party improperly certified the document, it may impose an appropriate sanction. HRCP Rule 11(c).

**III.    PLAINTIFF'S FILING OF THE FIRST AMENDED COMPLAINT VIOLATES HRCP RULE 11**

    A.    FACTS UNDERLYING THE FIRST AMENDED COMPLAINT

        The filing of the First Amended Complaint against Defendants is not warranted by law and thus violates HRCP Rule 11. The First Amended Complaint is subject to dismissal with prejudice because the claims contained therein were previously settled in <u>City and County of Honolulu v. Unity House, Incorporated</u>, Civil No. 00-1-3637-11 ("Old Lawsuit"). Therefore, the First Amended Complaint should be withdrawn with prejudice before Defendants incur additional costs.

        A Settlement and Release Agreement ("Settlement Agreement") was executed in the Old Lawsuit. <u>See</u>, Settlement Agreement attached as Exhibit "A". The Settlement Agreement was executed by Unity House, Defendant Investment Group, Mr. Tam as manager of Defendant Investment Group, and the City and County of Honolulu ("City"). <u>See</u>, Settlement Agreement attached as Exhibit "A". The Settlement Agreement resolved, *inter alia*, the City's claims against Unity House for the return of approximately $1.1 million of the City's Community Development Block Grant ("CDBG") funds. <u>See</u>, p. 3 of Settlement Agreement attached as Exhibit "A". The Settlement Agreement specifically referenced the CDBG funds which were referred to as "Program Income":

        (c)    Program Income

Also outside the scope of the Lawsuit, the City further alleged and claimed:

(i)     During an annual monitoring of the City's Community development Block Grant ("CDBG") program for the year 2000, the U.S. Department of Housing and urban Development ("HUD") identified $1,107,539.00 that Unity House received in CDBG program income from the Lokahi Greens Project (the "Program Income", which Program Income was confirmed by an independent financial and compliance audit);

(ii)    By terms of Sub recipient Agreement F62368 between the City and Unity House, Unity House was required to return the Program Income to the City; and

(iii)   Unity House continues to possess the Program Income, though it has no authorization to keep or use the Program Income, and the City has demanded several times that Unity House return the Program Income to the City.

See, p. 3 of Settlement Agreement attached as Exhibit "A". Unity House had withheld the CDBG funds despite repeated demands by the City. See, p. 3 of Settlement Agreement attached as Exhibit "A".

Unity House, City and Investment Group entered into the Settlement Agreement "in order to settle, release and terminate fully, finally and forever the Claims, as defined herein below in Section 2(a)." See, p. 3 of Settlement Agreement attached as Exhibit "A". "Claims" is defined as "any and all past, present, or future claims…which in any manner arise out of or are based upon, connected with, or otherwise **in any way related to** the Phase II Purchase, Area A Interest, and **the Program Income, including, but not limited to, any claim which was asserted or could have been asserted in the Lawsuit.**" See, pp. 3-4 of Settlement Agreement attached as Exhibit "A" (bold added). The Settlement Agreement required Unity House to return the CDBG funds to the City "by transferring the Program Income to Group which in turn shall

4

purchase and acquire" the Val Hala Apartments. See, pp. 5-6 of Settlement Agreement attached as Exhibit "A".

The Settlement Agreement was verified and confirmed by the Amendment Agreement Number 1 to the Sub recipient Agreement ("Amendment"). See, Exhibit "B". Importantly, the Settlement Agreement modified the liabilities of Unity House under its previous Sub recipient Agreement with the City. See, Exhibit "A". The Sub recipient Agreement was the basis for the litigation in the Old Lawsuit and the only authority whatsoever for entitlement to the CDBG funds. As such, the Amendment modified the Sub recipient Agreement to incorporate the terms of the Settlement Agreement. See, Exhibit "B".

Therefore, not only did Unity House execute the Settlement Agreement which settled any right it had to the CDBG funds, Unity House executed the Amendment to the Sub recipient Agreement itself which also settled any right it may have had to the CDBG funds. Hence, even if Unity House were to argue it did have rights in the CDBG funds pursuant to its Sub recipient Agreement, the Amendment clearly shows it settled those claims and **agreed to modify its Sub recipient Agreement so it no longer had any rights to the CDBG funds** as required under the Settlement Agreement. Specifically, the Amendment states:

> Now therefore, this Agreement amends the Sub recipient Agreement under contract F62368 by authorizing the Sub recipient to use the $1,107,539 in CDBG Program Income generated under Contract F62368 **for the purposes outlined and agreed to under a Settlement and Release Agreement**, herby, attached and made part of this Agreement.

See, p. 1 of Exhibit "B" (bold added). The Settlement Agreement, as noted above, required Unity House to turn over those CDBG funds to Defendant Investment Group as a return of those funds to the City. Unity House clearly gave up any rights to the CDBG funds in multiple documents.

Despite the Settlement Agreement and Amendment to the Sub recipient Agreement, on December 15, 2005, Unity House, in Receivership, filed the instant lawsuit entitled <u>Unity House, Incorporated v. Rudy L. K. Tam et. al.</u>, Civil No. 05-1-2218-12 (BIA) ("New Lawsuit") which was subsequently amended on January 6, 2006. Unity House, through its Receiver, is attempting, *inter alia*, to renege on the Settlement Agreement and Amendment to the Sub recipient Agreement and void its previous return of the approximately $1.1 million in the CDBG funds to the City through Investment Group.

The Receiver is now claiming that Unity House was entitled to possess and control the CDBG funds (contrary to the Settlement Agreement and Amendment to the Sub recipient Agreement) and thus the transfer to Investment Group was a breach of the fiduciary duties of Mr. Tam and a usurpation of a corporate opportunity. <u>See</u>, First Amended Complaint attached as Exhibit "C". The Receiver is seeking to divest from Investment Group and Mr. Tam; and transfer to Unity House; any ownership rights in the Val Hala Apartments or profits therefrom. <u>See</u>, First Amended Complaint attached as Exhibit "C".

B.    PLAINTIFF UNITY HOUSE DID NOT HAVE A GOOD FAITH BASIS TO FILE ITS FIRST AMENDED COMPLAINT

It is well settled that "when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." <u>Dowsett v. Cashman</u>, 2 Haw. App 77, 82 (1981). Policy favors settlements. <u>Miller v. Manuel</u>, 9 Haw. App. 56, 63 (1992). Not only does it bring finality to the uncertainties of the parties, it is consistent with court policy to amicably, efficiently, and inexpensively resolve disputes. <u>State Farm v. Pacific Rent-All</u>, 90 Haw. 315, 323 (1999). Hence, a "properly executed settlement agreement generally precludes future litigation for its parties" and disposes of all issues the parties intended to settle. <u>Id</u>.

At best, Plaintiff is claiming that <u>instead of</u> **settling** the City's claims by returning the $1.1 million in CDBG funds to the City to then be transferred to Defendant Investment Group[1], Plaintiff <u>should have</u> **settled** the City's claims by returning the $1.1 million in CDBG funds to the City to then be transferred to "Unity House such that Unity House might undertake the project in its own name."[2] Plaintiff then blames Defendants for the project not being in the name of Unity House (this is despite the fact that Defendants acted in no way as legal counsel for Plaintiff). <u>See</u>, pp. 7-14 of Complaint attached as Exhibit "C".

However, Plaintiff is bound by the settlement which, as alleged in the Complaint, states that Plaintiff settled the City's claims against it by relinquishing its right, if any, to the $1.1 million in CDBG funds to the City which was then transferred to Defendant Investment Group. <u>See</u>, ¶¶ 20 and 21 of Complaint attached as Exhibit "A" to Motion. Plaintiff intended to settle this issue. <u>See</u>, ¶ 16 of Complaint attached as Exhibit "A" to Motion ("Unity House and the City began settlement negotiations intended to resolve the dispute over Phase II as well as the issue of the missing program income.")

The terms of the Settlement Agreement and Amendment itself confirms this. <u>See</u>, Settlement Agreement attached as Exhibit "A" and Amendment attached as Exhibit "B". Plaintiff cannot raise this same issue again and seek recovery of that same money against Defendants which it previously settled. Plaintiff, City, and Defendant Investment Group all signed the settlement agreement resolving these issues. <u>See</u>, ¶ 19 of the Complaint attached as Exhibit "C" and the Settlement Agreement attached as Exhibit "A". Therefore, there can be no corporate opportunity to usurp since Plaintiff did not own or have a right to determine how the

---

[1] <u>See</u>, ¶ 21 of Complaint attached as Exhibit "B" .
[2] <u>See</u>, ¶ 18 of Complaint attached as Exhibit "A" to Motion.

$1.1 million in CDBG funds should be spent. Any rights Plaintiff may have had were compromised in exchange for settling the City's claims against it.

According to the Complaint, Plaintiff is allegedly "suffering" from a bad settlement for which it blames Defendants. It is convenient for Plaintiff to argue that the settlement should have been where it used the CDBG funds, and not Defendant Investment Group, (since Plaintiff had already been illegally holding on to those funds for a year and been sued by the City for the return of those funds all of which is alleged in the Complaint). But that is not how settlements work. Plaintiff does not have a claim against Defendants for the $1.1 million in CDBG funds while the settlement agreement is still in force because the settlement says that Plaintiff **agreed** to return the money to the City. Plaintiff has not made any allegations that would justify repudiating that part of the settlement. In re Doe, 90 Haw. 200, 210 (Haw. App. 1999) (A settlement cannot be set aside except on grounds that would justify rescission.). Further, Plaintiff is not even trying to set aside the settlement, it simply wants to unilaterally change the terms of the settlement for its own benefit and the detriment of Defendants. Plaintiff is not permitted to repudiate the settlement while enjoying its benefits. Kam Chin Chun Ming v. Kam Hee Ho, 45 Haw. 521, 563 (1962).

Plaintiff Unity House simply had no justification for filing its First Amended Complaint. The Settlement Agreement also contained a "Covenant Not to Sue" whereby Unity House "shall not sue the other Parties[3]... regarding any of the Claims and shall not assert any of the Claims which have been released herein against the other Parties...". See, p. 12 of Settlement Agreement attached as Exhibit "A" (footnote added). Notably, the Covenant Not to Sue even contained language that if any party should be succeeded by a receiver, the receiver could not make such a claim. See, p. 12 of Settlement Agreement attached as Exhibit "A".

The Settlement Agreement further contained a "Duty of Cooperation". <u>See</u>, p. 12 of Settlement Agreement attached as Exhibit "A". Considering that Defendant Investment Group was required to take possession of the CDBG funds and purchase the Val Hala Apartments, it is ludicrous for Unity House to now sue Defendants for doing what Unity House agreed that Defendants would do. There is no way a reasonable person, let alone, the Receiver's counsel, can read the Settlement Agreement and somehow believe in good faith that there currently exists any claim against Defendants relating to the CDBG funds.

C.     DEFENDANTS TOOK EXTRAORDINARY MEASURES TO SETTLE
       THIS CASE TO AVOID THE FILING OF THIS RULE 11 MOTION

Despite any requirement to do so, Defendants sent numerous letters to Plaintiff and its counsel before filing this Rule 11 Motion to convince them that they had no remedy against Defendants. However, Plaintiff and its counsel ignored these warnings. This was not simply a difference of opinion on the applicable law. Plaintiff and its counsel chose to harm defendants and create more litigation without any basis in law. It is unknown if the Receiver and its counsel chose this reckless behavior because they thought themselves immune from HRCP Rule 11, which we are disputing.

On May 5, 2006, Defendants requested Plaintiff to remove its Notice of Pendency of Action ("NOPA") on the Val Hala Apartments or at least discuss the issue for a limited waiver. <u>See</u>, Exhibit "D". Defendants noted that because of the NOPA, necessary funds for the repair of Val Hala Apartments were being restricted causing harm to the tenants. <u>See</u>, Exhibit "D". Defendants also pointed out that the NOPA relied on First Amended Complaint which was without basis. <u>See</u>, Exhibit "D". Plaintiff refused to cooperate or discuss the issue. <u>See</u>,

---

[3] "'Parties' means the City, Unity House, and Group." See, p. 4 of Settlement Agreement attached as Exhibit "A".

<u>Affidavit of Grant K. Kidani</u>. Defendants were then forced to file its <u>Motion to Expunge Lis</u>
<u>Pendens</u> on May 9, 2006 causing additional expense.

On May 9, 2006, Defendants were forced to file their <u>Motion to Dismiss and</u>
<u>Determine the Real Party in Interest</u> because Plaintiff continued to prosecute this matter. In that
combined motion, Defendants attached the April 20, 2006 letter from Mark A. Chandler[4],
exonerating Defendants. <u>See</u>, Exhibit "E".

On May 24, 2006, Defendants again tried to resolve this matter without need for a
Rule 11 Motion. <u>See</u>, Exhibit "F". Defendants submitted to Plaintiff the letter of Ivan M. Lui-
Kwan[5] dated May 16, 2006 which exonerated Defendants by clarifying that Rudy Tam was not
acting on behalf of Plaintiff when he approached the City as a private developer. <u>See</u>,
attachment to Exhibit "F". Defendants again stressed the lack of a good faith claim against them
under the facts pled in Plaintiff's First Amended Complaint. <u>See</u>, Exhibit "F". Defendants also
made a Rule 68 offer which was ignored. <u>See</u>, Exhibit "F". Defendants further warned Plaintiff
that a Rule 11 Motion would be filed if Plaintiff did not make a reasonably inquiry as to all of
these facts as required. <u>See</u>, Exhibit "F". Defendants requested Plaintiff to confirm these facts
with the Board of Directors of Unity House. Plaintiff would not provide any reasonable basis for
the claims against Defendants and simply continues this expensive litigation to the detriment of
Defendants. We have been forced to seek indemnification from the City pursuant to the
Settlement Agreement further escalating this unnecessary litigation. <u>See</u>, Exhibit "G".

Finally, there has been a continuance as to Defendants' Motion to Dismiss to give
Plaintiff more time to consider its abusive actions. Further, Plaintiff and its counsel will have

---

[4] Director Office of Community Planning and Development at the U.S. Department of Housing
and Urban Development who participated in the Settlement Agreement.
[5] Ivan M. Lui-Kwan represented the City in the Settlement Agreement.

had all of the information contained herein to evaluate for 21 days before this Motion is even filed. We say again that Plaintiff, the Receiver, and their counsel better have a very good reason for continuing this litigation or be subject to sanctions for this frivolous action.

The only question remaining is whether Defendants' attorneys fees and costs should be paid by Unity House in this action or through the Old Lawsuit. Unity House has clearly violated the Settlement Agreement. Plaintiff's new litigation is totally frivolous in the face of all of the facts available under a reasonable inquiry. Plaintiff is forbidden by Rule 11 from making baseless assertions which it knows to be false.

## IV.    DEFENDANTS ARE ENTITLED TO THEIR ATTORNEYS' FEES AND COSTS ASSOCIATED WITH BRINGING THIS MOTION

As established above, the First Amended Complaint by Unity House is frivolous and without a legal basis. Therefore, sanctions against Plaintiff Unity House, EG&G Technical Services, Inc as Receiver of Unity House, and Steven M. Egesdal, Esq are therefore appropriate. HRCP Rule 11 provides in relevant part as follows:

> (c)    *Sanctions.* If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

HRCP Rule 11(c). The sanctions are not limited to a monetary nature.

> (2) *Nature of Sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

HRCP Rule 11(c)(2).  Here, Defendants will have to expend considerable time and resources in defending against these claims which have already been settled and Defendants request sanctions against Plaintiff Unity House, EG&G Technical Services, Inc as Receiver of Unity House, and Steven M. Egesdal, Esq, proof of which we will submit with leave of court.  Defendants also reserve the right to request the fees and costs incurred in filing this current motion.  The abusive litigation style of Plaintiff Unity House, EG&G Technical Services, Inc as Receiver of Unity House, and Steven m. Egesdal, Esq should be reprimanded as they have filed the First Amended Complaint with no legal basis and refused to withdraw after knowledge of same.

## V.    **CONCLUSION**

For all the foregoing reasons, Defendants' Motion for Fees and Costs Based Upon Violations of Rule 11 of the Hawaii Rules of Civil Procedure should be granted and suitable sanctions assessed against Plaintiff Unity House, EG&G Technical Services, Inc as Receiver of Unity House, and Steven M. Egesdal, Esq in the form of reasonable attorneys' fees and costs.

DATED:      Honolulu, Hawaii, _____ JUN 2 2 2006 _____.

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership | ) | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECLARATION OF RUDY L.K. TAM |
| | ) | |
| RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF RUDY L.K. TAM

I, RUDY TAM, under penalty of perjury, declare as follows:

1.     I am a Defendant in the above-entitled action Unity House, Inc. v. Rudy L.K. Tam, et al., Civil No.: 05-1-2218-12(BIA).  I have personal knowledge of all facts and circumstances stated herein unless otherwise stated upon information and belief;

2.     That attached hereto as Exhibit "A" is a true and accurate copy of the Settlement and Release Agreement for City and County of Honolulu v. Unity House, Incorporated, Civil No. 00-1-3637-11;

3.     That attached hereto as Exhibit "B" is a true and accurate copy of the Amendment Agreement Number 1 to the Sub-recipient Agreement;

4.     That attached hereto as Exhibit "C" is a true and accurate copy of the First Amended Complaint in this matter filed on January 6, 2006;

5.     That attached hereto as Exhibit "D" is a true and accurate copy of a letter

dated May 5, 2006 from Grant K. Kidani, Esq. to Steven Egesdal, Esq.;

6.    That attached hereto as Exhibit "E" is a true and accurate copy of a letter

dated April 20, 2006 from Mark A. Chandler, Director Office of Community Planning and

Development at the U.S. Department of Housing and Urban Development to Declarant

7.    That attached hereto as Exhibit "F" is a true and accurate copy of a letter

dated May 24, 2006 from Grant K. Kidani, Esq. to Steven Egesdal, Esq.;

8.    That attached hereto as Exhibit "G" is a true and accurate copy of a letter

dated June 19, 2006 from Grant K. Kidani, Esq. to Corporation Counsel.

9.    I personally took on responsibility and liability to settle the underlying

case with the City and County of Honolulu to which was agreed to by the City, Board of Unity

House and the First Circuit Court in the resolution of the litigation which was at an impasse.

10.    There was no appeal of this settlement or any subsequent Motion to either

set aside the settlement or the dismissal of that underlying suit which is now final.

11.    The current litigation totally breaches the Settlement Agreement and the

subsequent Sub-receipent Agreement that incorporated the terms and conditions of the

Settlement and Release Agreement for City and County of Honolulu v. Unity House,

Incorporated, Civil No. 00-1-3637-11 attached as Exhibit "A".

12.    I have incurred significant legal fees and costs in defending this frivolous

suit and Plaintiffs have prevented the completion of the structural repair of the Val Hala

Apartments which is a safety concern to those residences which is unacceptable.

I declare, under penalty of perjury that the foregoing is true and correct.

DATED: _____ JUN   2 2006 _____ .

_____

RUDY L.K. TAM

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) ) ) | CIVIL NO. 05-1-2218-12 BIA (Other Non-Vehicle Tort) |
| Plaintiff, | ) ) | |
| vs. | ) ) | AFFIDAVIT OF GRANT K. KIDANI |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

AFFIDAVIT OF GRANT K. KIDANI

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS. |
| CITY AND COUNTY OF HONOLULU | ) | |

GRANT K. KIDANI, being first duly sworn on oath, deposes and states as follows:

1.    That Affiant is the managing partner of the law firm of KIDANI LAW CENTER, and has been licensed to practice law in the State of Hawaii since 1978 specializing in civil trial practice and that he is a member of the Hawaii State Bar Association in good standing;

2.    That Affiant has been retained to represent Defendants in Unity House, Inc. v. Rudy L.K. Tam, et al., Civil No.: 05-1-2218-12(BIA);

3.    That attached hereto as Exhibit "A" is a true and accurate copy of the Settlement and Release Agreement for <u>City and County of Honolulu v. Unity House, Incorporated</u>, Civil No. 00-1-3637-11;

4.    That attached hereto as Exhibit "B" is a true and accurate copy of the Amendment Agreement Number 1 to the Sub recipient Agreement;

5.    That attached hereto as Exhibit "C" is a true and accurate copy of the First Amended Complaint in this matter filed on January 6, 2006;

6.    That attached hereto as Exhibit "D" is a true and accurate copy of a letter dated May 5, 2006 from Affiant to Steven Egesdal, Esq.;

7.    That counsel for Receiver, Steven M. Egesdal would not cooperate or agree to remove or limit the Notice of Lis Pendens clouding the title of the Val Hala Apartments despite our request for him to do so;

8.    That attached hereto as Exhibit "E" is a true and accurate copy of a letter dated April 20, 2006 from Mark A. Chandler, Director Office of Community Planning and Development at the U.S. Department of Housing and Urban Development to Rudy Tam;

9.    That attached hereto as Exhibit "F" is a true and accurate copy of a letter dated May 24, 2006 from Affiant to Steven Egesdal, Esq.;

10.     That attached hereto as Exhibit "G" is a true and accurate copy of a letter

dated June 19, 2006 from Affiant to Corporation Counsel.

FURTHER AFFIANT SAYETH NAUGHT.

GRANT K. KIDANI

Subscribed and sworn to before me
this 21st day of June                    , 2006.

Deborah Kaio
Notary Public, State of Hawaii
My Commission Expires: 09/05/06

3

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership | ) | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort) |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF HEARING MOTION AND |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

NOTICE OF HEARING MOTION

TO:    **STEVEN M. EGESDAL, ESQ.**
ASB Tower, Suite 220
1001 Bishop Street
Honolulu, Hawaii, 96813

**BROOK HART, ESQ.**
333 Queen Street, Suite 610
Honolulu, Hawaii, 96813

Attorneys for Plaintiff
UNITY HOUSE, INC, In Receivership

NOTICE IS HEREBY GIVEN that Defendant's Motion to Dismiss Complaint

shall come for hearing before the Honorable Bert Ayabe, Judge of the above-entitled Court, in

his Courtroom, at the First Circuit Court, State of Hawaii, Kaahumanu Hale, 777 Punchbowl

Street, 4th Floor, Honolulu, Hawaii, 96813, on _____, 2006 at _____

___.m. or as soon thereafter as counsel may be heard.

DATED:     Honolulu, Hawaii, ___JUN 2 2 2006_____.


_____
GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on ___JUN 2 2 2006_____, a copy of the

foregoing document was duly served upon the following at his/their last known address(es) in the

manner indicated below:

<u>HAND-DELIVERED</u>          <u>MAILED</u>

    (XXX)                    **STEVEN M. EGESDAL, ESQ.**
                              ASB Tower, Suite 220
                              1001 Bishop Street
                              Honolulu, Hawaii, 96813


    (XXX)                    **BROOK HART, ESQ.**
                              333 Queen Street, Suite 610
                              Honolulu, Hawaii, 96813


DATED:     Honolulu, Hawaii, ___JUN 2 2 2006_____.


_____
GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

2