


MARK S. KAWATA 2622
CRAIG T. DELA CRUZ 5651
1221 Kapiolani Blvd. Suite 808
Honolulu, Hawaii 96814
Telephone No. 955-2600

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 23 2006

at __ o'clock and __ __M
SUE BEITIA, CLERK

Attorneys for PY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 02-00438 DAE |
| ) | |
| Plaintiff, ) | PY, INC.'S OBJECTIONS |
| ) | TO STIPULATED |
| vs. ) | [PROPOSED] ORDER |
| ) | DISCHARGING |
| AARON A. RUTLEDGE, ) | RECEIVER; EXHIBIT 1; |
| ANTHONY A. RUTLEDGE, SR. ) | CERTIFICATE OF SERVICE; |
| a/k/a "TONY" RUTLEDGE, ) | EXHIBIT "A" |
| STAR BEACHBOYS, INC., ) | |
| ) | |
| Defendants. ) | |

PY, INC.'S OBJECTIONS TO STIPULATED
[PROPOSED] ORDER DISCHARGING RECEIVER

PY, INC., by its undersigned attorneys, hereby objects to the Stipulated

[Proposed] Order Discharging Receiver filed herein on June 5, 2005

(hereinafter "Proposed Order"), on the grounds set forth herein.

1. PY, INC. does not object to the discharge of the Receiver, but files the instant objections because of concerns about the collateral estoppel and/or res judicata effects that may result from the failure to enter an objection to "any of the statements or conclusions contained in the Final Report or any of the Receiver's prior reports," as noted at page 2 of the Proposed Order.

2. At Section B, page 9, the Receiver reports on a controversy between Unity House, Inc. and Douglas Himmelfarb over the purchase by Himmelfarb of the property known as the "Marks Estate." PY, Inc. acted as Unity House, Inc.'s real estate broker in connection with negotiating the sale of the property to Himmelfarb. The parties entered into a purchase agreement ("DROA") prepared by PY, Inc., for the Marks Estate. The parties, however, were not able to negotiate an extension of time in which to close the transaction past a deadline for closing.

Himmelfarb, however, filed suit in August, 2005, seeking specific performance of the DROA that PY, Inc. had negotiated. The parties submitted the dispute to mediation, and reached a settlement on a purchase price of $4,410,000.00.

PY, Inc. filed suit in the Circuit Court of the First Circuit, State of Hawaii, in Civil No. , entitled, <u>PY, Inc. v. Unity House, Inc., et al.</u>("Circuit Court lawsuit").

PY, Inc. has conferred with counsel for Unity House, and learned that Unity House expects that the suit will be turned over to the entity's Board of Directors for defense of the suit or resolution. PY, Inc. has agreed to await such an occurrence.

PY, Inc. objects to any statement, finding or conclusion in the Report filed May 19, 2006 and any prior report, that would prejudice PY, Inc.'s claim for a commission in connection with the Marks Estate, including the statement at page 11, that "

> This claim was made despite the fact that the completed sale arose out of a new DROA that was executed as part of the settlement and that protection periods from the prior DROA had expired. Although the Receiver believes that Mr. Enomoto's claim lacks merit and that Unity House may have a claim against Mr. Enomoto for breaches of his obligations to Unity House during the 2004 negotiations and during the pendency of Mr. Himmelfarb's lawsuit, the Receiver was compelled to agree to escrow's withholding of the disputed $132,000.0o0 in order to permit the transaction with Mr. Himmelfarb to close as scheduled.

<u>See</u> Report at 11.

PY, Inc. objects to the Court approving any such statement as being binding upon any issue or claim involved in the dispute over the merits of PY, Inc.'s claim for a sale's commission arising out of the sale of the Mark's Estate. Any order of the Court should indicate that statements, findings or conclusions of the Receiver in any report which involve a contested issue in another suit or dispute are not binding upon the parties thereto and have no collateral estoppel or res judicata effects.

3.    The second area raised in the Circuit Court lawsuit involves the Receiver's unilateral decision to withhold payment of one-half of a sale's commission earned by PY, Inc. in connection with the sale of 720 Kapiolani Boulevard., Honolulu, Hawaii for Unity House, Inc.

Unity House was formerly the sole member and owner of Kapiolani Seven Twenty, LLC, which was the fee owner of the property identified as TMK No. 2-1-44:35 and 36, and located at 720 Kapiolani Blvd. Honolulu, Hawaii 96813 ("the Kapiolani Property"). The Kapiolani Property is located at the corner of Kapiolani Boulevard and Cooke Street, and consists of two parcels on which a five-story building is located.

On May 10, 2004, Unity House, for and on behalf of the fee owner entered into an Exclusive Right-to-Sell Listing Agreement ("Listing Agreement") with Plaintiff, under which PY, Inc. would act as the seller's real estate broker for purposes of selling the Kapiolani Property. PY, Inc. procured a purchaser for the Kapiolani Property, U.S. Pacific Builders, Inc. or its nominee (hereinafter "Purchaser I"), and fulfilled all of PY, Inc.'s obligations under the Listing Agreement. The sale of the Kapiolani Property to the purchaser's nominee closed on or about December 18, 2004.

The Listing Agreement provided that PY, Inc. was to be paid an agreed-upon amount of $180,750.00 as and for its commission. The Receiver paid only $90,375.00 of the amount owed for the commission. Demand was made on the Receiver, but the Receiver has failed and refused to pay the balance of the commission.

This matter was also raised in the Circuit Court lawsuit. A true and accurate copy of the lawsuit is attached hereto as Exhibit 1.

PY, Inc. objects to any action of the Receiver concerning the failure to pay one-half of the commission, or any reference or statement regarding the

same in the May 19, 2006 Report or any prior reports, as being binding in any dispute between PY, Inc. and Unity House, Inc., including the Circuit Court lawsuit. The parties, again, expect to seek to revolve the dispute between themselves.

    4.    PY, Inc. requests that any Order issued by the Court be clarified to the extent requested herein.

    DATED:   Honolulu, Hawaii, _____June 23, 2006_____.

_____
MARK S. KAWATA
CRAIG T. DELA CRUZ
Attorneys for PY, INC.