EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii
FLORENCE T. NAKAKUNI #2286
Assistant U. S. Attorney

EDMUND P. POWER
JOHN F. COX III
PATRICK T. MURPHY
Trial Attorneys
U.S. Department of Justice
P.O. Box 972
Washington, D.C.  20044
Telephone:  (703) 299-3905
Facsimile:  (703) 842-4035
Email:   ed.power@usdoj.gov
         john.cox@usdoj.gov
         patrick.murphy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 02-00438-DAE-BMK |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S LIMITED |
| | ) | OPPOSITION TO THE COURT'S |
| v. | ) | STIPULATED PROPOSED ORDER |
| | ) | DISCHARGING THE RECEIVER; |
| AARON A. RUTLEDGE,       (01) | ) | CERTIFICATE OF SERVICE |
| ANTHONY A. RUTLEDGE, SR.,(02) | ) | |
|    a/k/a "TONY" RUTLEDGE | ) | Hon. David Alan Ezra |
| STAR-BEACHBOYS, INC.,    (03) | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S LIMITED OBJECTION TO THE COURT'S
STIPULATED PROPOSED ORDER DISCHARGING THE RECEIVER

I. Introduction

The United States hereby respectfully submits this limited objection to the June 5, 2006, Proposed Order of the Court discharging the Receiver ("the Order").  The Government

respectfully objects to Paragraph 7 of the Order. As set forth below, the Government believes that the Court's prospective indemnification of the Receiver conflicts with the sovereign immunity of the United States as well as the Appropriations Clause of the United States' Constitution and the Anti-Deficiency Act.

II. <u>Because Sovereign Immunity Protects the United States from Suit Except in Limited Circumstances, a Blanket Order Requiring Indemnity is Improper</u>.

Paragraph 7 of the Order states that because the Receiver[1] "acted at the request of the United States and as agent for the Internal Revenue Service, the United States shall indemnify and hold harmless the Receiver . . . from any type of threatened, pending, or completed action . . . ." Such prospective indemnification for any past, current, or future action, whether based on tort or contract, violates the sovereign immunity of the United States.

Federal sovereign immunity is implicated whenever a party seeks funds from the United States Treasury. <u>See</u>, <u>e.g.</u>, <u>Kalodner v. Abraham</u>, 310 F.3d 767, 769-70 (D.C. Cir. 2002). The Order would obligate the United States to indemnify the receiver for payments to plaintiffs in various suits. Accordingly, the Order implicates sovereign immunity.

---

[1] The Order covers EG&G, its employees, agents, and attorneys. Order, ¶ 7.

Two principles of sovereign immunity are implicated. First, the United States, as sovereign, "is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). Second, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Soriano v. United States, 352 U.S. 270, 276 (1957). It is for Congress to determine when and if the United States will pay money damages. See, e.g., Lane v. Pena, 518 U.S. 187, 192 (1996) (finding that "waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text").

The instances in which EG&G is entitled to receive indemnity from the United States are already defined through Congressionally approved statutes and the cases interpreting those statutes. For example, the Supreme Court has noted that claims for common law indemnity and contribution may be alleged under the Federal Tort Claims Act. United States v. Yellow Cab Co., 340 U.S. 543 (1951). Because the United States' obligations to indemnify the receiver may vary depending on whether the claims are contractual or brought under the FTCA - - the former are based on federal common law[2] and the later are based on state common law[3] interpretations of indemnity provisions, a blanket

---

[2] United States v. Seckinger, 397 U.S. 203, 209 (1970) (finding that claims based on federal contracts apply federal common law).

[3] 28 U.S.C. § 1346; see also 28 U.S.C. § 2674; Adams v. General Dynamics Corp., 535 F.2d 489, 490 n.4 (9th Cir. 1976).

3

determination that the receiver is entitled to indemnification is improper.

III. <u>The Order is Contrary to the Appropriations Clause of the United States' Constitution and the Anti-Deficiency Act</u>.

Paragraph 7 of the Order would require the United States to indemnify the receiver "against expenses (including attorneys' fees and costs), judgments, and amounts paid in settlement, actually and reasonably incurred in connection with [any threatened, pending or completed action against the receiver arising from the receivership]." This requirement constitutes an open-ended obligation of the United States to pay money that has not been appropriated by Congress. Such an obligation conflicts with the Appropriations Clause of the Constitution and the Anti-Deficiency Act.

As Article I, Section 9, Clause 7 of the Constitution (the "Appropriations Clause") states, "[n]o Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law." The cornerstone of the statutory scheme enacted to preserve Congress' power of the purse is the Anti-Deficiency Act, 31 U.S.C. § 1341, which states in pertinent part:

> (a)(1) An officer or employee of the United States Government or of the District of Columbia government may not –
>
> (A) make or authorize an expenditure or obligation exceeding an amount available in an appropriation or fund for the expenditure or obligation;

>    (B) involve either government in a contract or
>    obligation for the payment of money before an
>    appropriation is made unless authorized by
>    law; . . . .

31 U.S.C. § 1341(a). The Anti-Deficiency Act prohibits and renders unenforceable open-ended and indefinite indemnities not expressly authorized by Congress. See, e.g., Hercules Inc. v. United States, 516 U.S. 417, 426-27 (1996) (rejecting claim for "judicially fashioned" open-ended obligation of United States to indemnify "Agent Orange" contractor against third-party tort claims - - notwithstanding claim that contractor had been compelled by law to produce the chemical for the Government); California-Pacific Utilities Co. v. United States, 194 Ct. Cl. 703, 715 (1971) (court rejected plaintiff utility's claim to reform permit agreement to include a requirement that the Government indemnify it against third-party tort suit, "[s]ince to reform [the] contract to include an indemnification provision would be to create a contract proscribed by law. . . .") .

"It is beyond dispute that a federal court cannot order the obligation of funds for which there is no appropriation." Rochester Pure Waters Dist. v. E.P.A., 960 F.2d 180, 184 (D.C. Cir. 1992) (citing Reeside v. Walker, 52 U.S. 272 (1850); Office of Pers. Mgmt. v. Richmond, 496 U.S. 414 (1990)) (appellate court reversed district court injunction that had required - - notwithstanding Congress' subsequent recision of the appropriation - - agency to preserve previously appropriated

funds pending resolution of plaintiff's administrative appeal).[4] "Nor can it be contended that a court may appropriate funds from which an obligation may be made." Id. For example, in Reeside v. Walker, 52 U.S. 272 (1850), the Court affirmed a lower court's denial of a petition for mandamus, holding that a monetary judgment that had been entered in favor of defendant Reeside (based upon a pleaded set-off in a lawsuit that had been brought by the United States) was properly refused for payment by the Secretary of the Treasury. In addition to the jurisdictional defects inherent in Ms. Reeside's claim - - the case was decided several years before Congress waived the general sovereign immunity of the United States in the Tucker Act, 28 U.S.C. § 1491 - - the Supreme Court held that, without an appropriation, even a valid judgment obtained against the United States could not have been lawfully paid by the Secretary of the Treasury:

> However much money may be in the Treasury at any one time, not a dollar of it can be used in the payment of any thing not thus previously sanctioned. Any other course would give to the fiscal officers a most dangerous discretion. . . . [W]ithout . . . an appropriation [a claim] cannot and should not be paid by the Treasury, whether the claim is by a verdict or judgment, or without either, and no mandamus or other remedy lies against

---

[4] There are rare instances in which courts have found that other constitutional imperatives trump the Anti-Deficiency Act. See Armster v. U.S. Dist. Court for Cent. Dist. of Cal., 792 F.2d 1423 (9th Cir. 1986) (Court held that Seventh Amendment required the obligation of funds necessary to empanel juries in civil trials even where the appropriation for that purpose had been exhausted). This case involves no such concerns.

6

>    any officer of the Treasury Department, in a
>    case situated like this, where no
>    appropriation to pay it has been made.

52 U.S. at 291. In <u>Hetfield v. United States</u>, 78 Ct. Cl. 419 (1933), the United States Court of Claims relied upon similar reasoning in dismissing a suit challenging the Government's admitted failure to pay a monetary judgment against it. Taking judicial notice that no congressional appropriation had been made for the payment of the judgment, the court held that the claim was clearly <u>not</u> founded upon "any law of Congress" and, thus, that the court lacked jurisdiction. The court stated:

> It would be unlawful to make payment of the
> judgment in the absence of an appropriation
> therefor and certainly there is no implied
> contract on the part of the Government that it
> will make such an appropriation. On the
> contrary, the matter of whether or not an
> appropriation will be made rests wholly upon
> the determination of Congress, and with that
> determination this court has nothing to do.

<u>Id.</u> at 422.

In this case, the Order does not reference specific statutory authority that would permit either the Executive or Judicial Branches to make an open-ended obligation to indemnify the receiver without violating the Anti-Deficiency Act. In the absence of statutory authorization, and given that the receiver has no fundamental constitutional right to be indemnified by the United States, the Government respectfully requests that the Court delete Paragraph 7 of the Order in its entirety.

Finally, as the relationship between the United States and the receiver is the subject of an express written contract, the Court should not issue an Order requiring the United States to pay the receiver more than what is required by the contract.

IV. Conclusion

Because Paragraph 7 of the Order undermines the sovereign immunity of the United States and contradicts the Appropriations Clause of the United States' Constitution and the Anti-Deficiency Act, the United States respectfully requests that the Court delete paragraph 7.

DATED:  July 7, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Florence T. Nakakuni
   EDMUND P. POWER
   JOHN F. COX III
   PATRICK T. MURPHY
   Trial Attorneys
   FLORENCE T. NAKAKUNI
   Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Electronically through CM/ECF</u>:

| | |
|---|---|
| Brook Hart, Esq. | hartlaw@hawaii.rr.com |
| Fred H. Altshuler, Esq. | faltshuler@altshulerberzon.com |
| Attorneys for Unity House, Inc. in Receivership | |
| Brian J. DeLima, Esq | delima@bigislandlawyers.com |
| Attorney for Aaron A. Rutledge | |

<u>Served by First Class mail</u>:

Eric A. Seitz, Esq
820 Mililani St., Suite 714
Honolulu, HI 96813
Attorney for Unity House, Inc.

Jeffrey M. Rawitz, Esq.
Jones Day
555 S. Flower St, 50th Fl
Los Angeles, CA 90071
Attorney for Anthony Rutledge, Jr.

Victor Sherman, Esq.
2115 Main St.
Santa Monica, CA 90415
Attorney for Star Beachboys, Inc.

      DATED:  July 7, 2006, at Honolulu, Hawaii.

                                                              /s/ Cheri Abing