**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        Plaintiff-Appellee,

            v.

AARON A. RUTLEDGE; ANTHONY
RUTLEDGE, aka "Tony" Rutledge,
Star-Beachboys, Inc.,
        Defendants-Appellants.

No. 05-10060

D.C. No.
CR-02-00438-DAE

ORDER

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted
June 15, 2005—San Francisco, California

Filed May 11, 2006

Before: Mary M. Schroeder, Chief Judge,
William C. Canby, Jr., Circuit Judge, and
Kevin Thomas Duffy,* Senior Judge.

## COUNSEL

John D. Cline, Jones Day, San Francisco, California, for the appellant.

Patrick T. Murphy, Assistant United States Attorney, Department of Justice, Washington, D.C., for the appellee.

---

*The Honorable Kevin Thomas Duffy, Senior Judge for the Southern District of New York, sitting by designation.

Keith K. Hiraoka, Roeca, Louie & Hiraoka, Honolulu, Hawaii, for the amicus curiae.

## ORDER

Our opinion in this case, reported at 437 F.3d 917, was filed on February 14, 2006. Approximately one week earlier, on February 6, 2006, the district court accepted the guilty plea of defendant Rutledge in the underlying criminal proceeding. The plea was entered pursuant to a plea agreement in which Rutledge and the government agreed that the assets that had been the subject of the appeal would remain in the hands of Unity House, subject to a limited and temporary receivership to conclude certain listed business matters of Unity House. At the time we filed our opinion, we had not been advised of the plea and the plea agreement.

The government now moves for withdrawal of our opinion and dismissal of the appeal on the ground that the plea agreement rendered the appeal moot. Rutledge has filed an opposition to the motion.

We conclude that the appeal was moot at the time we filed our opinion. The ruling in our opinion — that the assets of Unity House were not subject to criminal forfeiture in Rutledge's pending prosecution — addressed a controversy between the parties that no longer existed because of the intervening plea agreement. See *United States v. Pemberton*, 852 F.2d 1241 (9th Cir. 1988) (dismissing appeal as moot when plea agreement disposed of assets that were subject of appeal). We accordingly grant the government's motion. The opinion reported at 437 F.3d 917 is withdrawn and the appeal is dismissed as moot. Because the mootness was the result of a settlement between the parties, we do not order vacatur of the district court's order. See *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994).

UNITED STATES v. RUTLEDGE    5297

The motion of Unity House, Inc., to intervene in order to oppose the government's motion to dismiss the appeal is denied.

**OPINION WITHDRAWN; APPEAL DISMISSED; INTERVENTION DENIED.**