UNITY HOUSE, INCORPORATED
STATUS REPORT
February to October 2006

I. Introduction

On February 6, 2006, a Memorandum of Pleas Agreement was reached with Anthony A. Rutledge, Sr. and Aaron A. Rutledge in Criminal No. 02-00438, of which one of the results was the receivership of Unity House, Incorporated (UHI) was modified, with certain restrictions and limitations and the Reinstated Board of UHI, and its officers, resumed control over the operations and affairs of UHI, except as to those items specifically reserved to the Receiver or as required by the U.S. Government and the Court. The following is a status report since that occurrence.

II. The Reconstituted Board and Officers

On February 13 2006, the Judge Ezra issued an Order naming James M. Boersema and Robert J. Fishman as the two new members of the UHI Board of Directors pursuant to the plea agreements between the U.S. Government and the Rutledges. On February 24, 2006, the Reinstated Board held a special meeting and accepted and approved the addition of James M. Boersema and Robert J. Fishman as the two new directors of UHI and became the "Reconstituted Board". Those officers who returned continued to operate pursuant to the succession language under the Bylaws, where the Executive Vice-President, Anthony Rutledge, Jr., became the acting President and Chairman, and the 1st Senior Vice President/Secretary, Arlene Ilae, became the acting Executive Vice-President and the 2nd Senior Vice-President, Randall Harakal, became the acting 1st Senior Vice-President and the Executive Committee was now composed of Anthony Rutledge, Jr., Arlene Ilae and Randall Harakal. The executive officers all agreed to operate UHI as a three-member committee and to not have the President exercise sole authority over the organization.

1

EXHIBIT 1

On February 24, 2006, the Reconstituted Board (BOD) held a special meeting and approved the transition from the receivership to the BOD of those items not specifically reserved to the receiver and embarked upon governance of UHI. It also approved the Executive Committee having full authority of the day-to-day operations of UHI

On March 16, 2006, the BOD held a special meeting where resolutions were adopted recognizing the Receiver's sale of the Marks Estate and the settlement of the Hanohano litigation, authorizing the transfer of title, execution of deeds by officers and acceptance and deposit of the sale and/or settlement proceeds.

On March 31, 2006, the BOD held a special meeting and Juliet Spencer, an elected board member of UNITE H.E.R.E., Local 5, was elected as a director of UHI pursuant to the Articles of Incorporation and the Bylaws. Also at this meeting the following officers were elected by the BOD: President Anthony Rutledge, Jr.; Executive VP/Secretary Arlene Ilae; 1st Senior VP/Treasurer Randall Harakal; 2nd Senior VP Robert Fishman; 1st VP/Sgt of Arms Randolph Borges; 2nd VP Berna Iosua; 3rd VP Michael Green; 4th VP Noberto Castillo; 5th VP Sonny Dudoit; and 6th VP James Boersema.

III. Major Actions

A. Matters Entrusted to the Receiver

Pursuant to the Court's March 14, 2006 Order the Receiver was entrusted to try and resolve seven (7) matters and did attempt to do so by June 30, 2006 when the Discharge Order regarding the Receiver was to be effective. The BOD decided to retain all the attorneys the Receiver hired to complete those matters and the results are as follows:

1. *Association of Apartment Owners of Hanohano Hale et.al. v. Unity House et.al., Civil No. 05-1-1386-07.* Matter is completely settled and UHI received $9,026,694. In

2

addition, UHI purchased the fee simple interest in the apartment B202 for $21,270.00 at Pat's at Punaluu.

2. *Himmelfarb v. Unity House, Inc., Civil No. 05-1-1386-07.* The matter is completely settled and UHI received $4,410,000 from the sale. However, PY, Inc. filed a claim with escrow before the closing of the sale to collect $132,000 of an alleged commission. This matter is now pending resolution under a lawsuit filed by PY, Inc. against UHI and the Receiver to collect commissions in this matter and the previous sale of the NCR building.

3. *Radisson Kauai Development.* This matter is still pending with a promise by Brian Anderson to pay off the $2.5M loan and accumulated 30% per annum interest by December 31, 2006. In the most recent discussions in October 2006 UHI requested Brian Anderson to pay part of the accumulated interest of $250,000 to UHI immediately.

4. *Unity House v. Tam, Civil No. 05-1-2218.* This matter was decided by motion and UHI's complaint was dismissed with prejudice and Tam was awarded attorneys' fees and costs under the State of Hawaii asumpsit statute as the prevailing party. The court is determining the actual amount. All of Tam's other motions, including a motion for Rule 11 sanctions were dismissed.

5. *Unity House v. Heavenly Road Productions, Inc., Civil No. 98-0-5043.* This matter was taken to judgment of $387,303 against Defendants Heavenly Road Production and Michael Lucas and for $150,000 against Defendant David Glasser, plus statutory interest of 10% per annum. Defendants appeal to the Hawaii Supreme Court was dismissed. It is now in the finding assets stage and collection.

6. *Unity House v. Chabad Lubavitch, Civil No. 05-1-1399-08.* This matter was just recently settled by a stipulated judgment for $155,000 with $50,000 already paid and the balance of $105,000 to be paid in installments with a second mortgage taken as security on a condominium.

7. *Unity House v. Beacon Edge Pictures.* A judgment was obtained for $250,000 plus 10% statutory interest and collection efforts are underway to identify assets of the defendants.

B. <u>OTHER SIGNIFICANT MATTERS</u>

*1. IRS Audit.* The BOD hired special tax counsel James Fuller, Esq. and Thomas Roberts, Esq., of Williams and Connolly in Washington, D.C. to handle the audit. The IRS concluded that UHI has operated as a 501(c)(4) tax-exempt organization since January 1, 2006, and UHI executed a Form 6018-A agreement to same. This effectively changed UHI's tax-exempt status from a 501(c)(5) labor organization to the 501(c)(4) social welfare organization and removed any potential revocation of exempt status. The IRS also issued a Form 4549 (Income Tax Examination Changes) and assessed UHI an additional tax of $58,137 and interest of $9516 for tax year 2002 and an additional tax of $23,299 and interest of $2,653 for 2003, waiving all penalties, relating to unrelated business income. The remaining audit issues are relating to governance and attorney fees under indemnification. The UHI Board has agreed to carefully adhere to and follow the recommendations of our tax counsel and comply with the IRS suggestions on resolving all issues and the operation of a 501(c)(4) tax-exempt organization.

*2. Indemnification of Attorneys Fees for Anthony A. Rutledge and Aaron Rutledge.* UHI was confronted with the obligation to indemnify Anthony Rutledge, Sr. for his attorneys' fees and costs in light of UHI's Articles of Incorporation, Bylaws, State of Hawaii law, and three legal opinions. The UHI Board, motivated by its fiduciary responsibility and due to the

4

reservation made that an audit had to be conducted before payment to make sure UHI was paying only allowable attorneys' fees and costs, hired expert James Schratz and Associates to do a detailed and complete audit of any attorneys' fees and costs claimed by Anthony A. Rutledge, Sr. and Aaron A. Rutledge. The first draft of the audit was just recently completed and is now in discussion as to what will be released to UHI and to the IRS for review so as not to waive any attorney-client privilege which may exist. No fees or costs have been paid and will not be until there is a legal opinion by UHI's attorneys after discussion with the IRS auditors.

3. *Investments.* The BOD, the Executive Committee and the Finance Committee, Chaired by Robert Fishman, has consulted with various respected investment advisers regarding the investment portfolio and has decided to pursue a diversified strategy of various equity funds and some real estate to reach a better balance to achieve a more consistent return, with a minimum of risk.

4. *Restatement and Amendment of Bylaws.* The BOD amended its Bylaws to reduce the power of the President and to clarify the duties of the Secretary and Treasurer consistent with the intent to have the Executive Committee, by majority rule, run the day-to-day affairs of UHI, rather than one executive officer.

5. *Addition to the Executive Committee.* In September, 2006, the BOD added Jim Boersema to the Executive Committee, which is now composed of Anthony Rutledge, Jr., Arlene Ilae, James Boersema and Randall Harakal.

6. *Adoption of Policies and Procedures and Officer Qualifications.* The BOD adopted a revised Employee Handbook and twenty new policies, which a tax-exempt non-profit corporation should have as recommended by the IRS and counsel. In addition, officers' qualifications were adopted requiring the offices of President, Executive Vice President,

Treasurer, Secretary and Vice-President to meet certain criteria including certain education requirements and business management experience.

   7. *Removal of President.* On October 17, 2006, the Executive Committee voted to remove Anthony Rutledge, Jr. as President and terminate his employment associated with that office. This comes up before the BOD on November 8, 2006 for ratification. Also at that meeting it is expected that Anthony Rutledge, Jr. will be replaced as the Chairman of the Board and as an Executive Committee member.

## IV. CONCLUSION

   The Board, officers and staff of UHI have refocused their priorities and reemphasized the purposes for which UHI exists--services to our beneficiaries. We have taken positive steps to communicate anew with many of them, and have looked into new and enhanced benefits in addition to reexamining and sustaining others. Since the BOD has been operating, the directors have been better informed and participate fully at meetings. The use of the Executive Committee to run the day to day operations has created confidence within the BOD, officers, staff and the community and has removed the apparent stigma of one officer control and exhibited a democratic rule of reasonable, prudent business people acting in compliance with federal and state laws and its own governing documents.

Dated: October 20, 2006.

                                                    Respectfully submitted,

                                                    /s/ Randall T. Harakal
                                                    Randall Harakal
                                                    1st Sr.VP/Treasurer
                                                    General Counsel

6